UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of N.P.S.SF. Debt Co., S.à.r.l., pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Civil Action No. 23-mc-00217 |

## STIPULATED PROTECTIVE AGREEMENT

**IT IS HEREBY STIPULATED** that Applicant, N.P.S.SF. Debt Co., S.à.r.l., ("Applicant"), and non-party Wells Fargo Bank, N.A. ("Bank") by and through their respective undersigned counsel, agree as follows:

1. This Stipulated Protective Agreement (the "Agreement") applies to "Confidential Information," as defined below, produced, or otherwise disclosed by Bank to Applicant.

2. The term "Confidential Information" as used in this Agreement means any information produced in response to the Applicant's Subpoena that contains trade secrets, proprietary and/or non-public business information, competitively sensitive information, or other information the disclosure of which would, in the Bank's good faith judgment, be detrimental to the conduct of the Bank's business or the business of third parties, inclusive of the Bank's customers or clients.  Confidential Information will be designated or labeled "Confidential" by the Bank. Applicant may challenge the Bank's "Confidential" designation. Counsel for the parties shall make a good faith effort to resolve the dispute, failing which, Applicant may seek resolution by the Court. The Confidential Information shall continue to be treated as Confidential Information unless and until there is a final ruling by the Court or any appellate court concerning the Bank's designation.

3. Confidential Information subject to this Agreement shall only be used in connection with and during the pendency of the judicial assistance granted to Applicant by the Southern District Court of the State of New York, Civil Action No. 23-mc-00217, as well as any contemplated parallel or ancillary actions commenced by Applicant, and all of its respective affiliates, successors, assigns, subsidiaries, parents, employees, agents, and designees ("Applicant Parties"), in any jurisdiction, including the action in the High Court of Justice, Claim No. CL-2020-000211 (the "Matter") or other proceeding that becomes available for claims related to the Matter including, but not limited to, any related action brought by the Applicant Parties to enforce any order or judgment rendered in the Matter, or actions against any individuals or entities related to, managed by, or associated with the entities listed in the subpoena that was served on Bank in connection with the Matter (the "Actions"). If Applicant or Applicant Parties intend to use Confidential Information in any proceeding, Applicant or Applicant Parties must provide notice to Bank of the intention to use the Confidential Information. Such notice shall be provided to undersigned counsel for the Bank and to Christopher Stein, Senior Counsel, Wells Fargo Legal Department, Telephone: (704) 383-1035, Email: christopher.stein@wellsfargo.com, no less than forty-five (45) days before Applicant or Applicant Parties intend to use the Confidential Information in connection with any proceeding.

4. Nothing contained in this Agreement, however, will affect or restrict the rights of any person with respect to its own documents or information produced in the Actions.

5. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Actions and any proceeding related to the Matter and may not further disclose it:

    a. The Applicant Parties and their counsel, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

    b. experts, vendors, or consultants assisting the Applicant Parties or counsel for the Applicant Parties, pursuant to Paragraph 3 of this Agreement;

    c. potential or anticipated witnesses and their counsel, who are shown Confidential Information by the Applicant Parties and its counsel, pursuant to Paragraph 3 of this Agreement;

    d. the courts in the Actions;

    e. any mediator or arbitrator the Applicant Parties engages or any court appoints; and

    f. court reporters employed in connection with the Actions.

  6. Before counsel may show or disclose Confidential Information to any witness, expert, vendor, or consultant, except at trial, that witness, expert, or consultant shall be provided a copy of this Agreement. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Actions.

  7. The inadvertent disclosure by Bank of any information subject to the claim of attorney-client privilege, attorney work-product or any similar privilege or protection, the application of which should have prevented disclosure, shall not be construed as a waiver of such claim. The parties intend for this Agreement to provide the full protection from waiver available under Federal Rule of Evidence 502 and its equivalents. This Agreement shall not be construed as requiring Bank or any other branch or subsidiary of Bank to commit any act that would violate any domestic, federal, state, or local law, or any law of a foreign jurisdiction. Any inadvertent

disclosure in violation of such law shall not be considered as a waiver of any rights or protections available to Bank under such law.

8. Applicant and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to the Applicant Parties, counsel of the Applicant Parties, or the Applicant Parties' consultants or experts, or which comes to the knowledge or position of the Applicant Parties, counsel of the Applicant Parties, or the Applicant Parties' consultants or experts otherwise than as a result of a breach of this Agreement.

9. Any person, including Applicant and Applicant Parties, that intends to file Confidential Information in any proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation and to the extent applicable, requesting that the Confidential Information be filed under seal or pursuant to the local rules of that proceeding that would keep the records from being included on a public record. If the Court denies leave to file under seal or if such mechanism is not available based on the rules of the local jurisdiction, a person must redact from a public filing all Confidential Information that is not material to the purpose for which the document is filed or otherwise comply with the receiving Court's redaction or omissions requirements that would result in the redaction or omission of all Confidential Information that is not material to the purpose for which the document is field..

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Agreement in a manner that is secure and confidential.  In the event that the person

receiving PII experiences a data breach that could have exposed the Confidential Information, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

11. The obligations under this Agreement shall survive the termination of the above-captioned action and the Actions and continue to bind Applicant and Bank and the parties to whom Confidential Information is disclosed.

12. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of New York, without regard to its conflict-of-laws principles. Any action or proceeding arising out of or related to this Agreement shall be brought in any State or Federal court located in New York County in the State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

Dated: New York, New York
       January 31, 2024

| | |
|---|---|
| By: */s/ Michelle R. Usitalo*<br>Oren J. Warshavsky<br>Michelle R. Usitalo<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>owarshavsky@bakerlaw.com<br>musitalo@bakerlaw.com<br>*Attorneys for Applicant* | By: */s/ Jarman D. Russell*<br>Jarman D. Russell<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 506-2500<br>jrussell@mayerbrown.com<br><br>Alex C. Lakatos<br>1999 K Street NW<br>Washington, DC 20006<br>alakatos@mayerbrown.com<br>*Attorneys for Non-Party Wells Fargo Bank, N.A.* |

IT IS SO ORDERED.

_____        2/2/2024
J. PAUL OETKEN
United States District Judge